### CINCINNATI IRON STORE CO. v. CINCINNATI SO. RY. (TR.).

1. SEPARATE TRIAL IN APPROPRIATION PROCEEDING WAIVED BY JOINT TRIAL.

A property owner who has submitted without exception to a joint trial for the assessment of damages for various properties appropriated for railway purposes, cannot be heard to complain in the reviewing court that he was not given a separate trial.

[For other cases in point, see 4 Cyc. Dig., "Eminent Domain," §§ 705, 706.— Ed.]

2. MONTH SALES INCOMPETENT TO PROVE FUTURE LOSSES.

The amount of monthly sales and of freight transported over a switch track are incompetent as evidence, where offered for the purpose of proving loss of future business.

[For other cases in point, see 3 Cyc. Dig., "Damages," §§ 123-127; 4 Cyc. Dig., "Eminent Domain," §§ 380-382.—Ed.]

3. ADMISSIBILITY OF PLANS AND MAPS IN APPROPRIATION PROCEEDINGS.

Plans of a building and of machinery are probably admissible in appropriation proceeding, but whether or not their exclusion was prejudicial cannot be determined where the plans are not attached to the bill of exceptions.

4. COST OF TRANSPORTATION BY TRUCK INCOMPETENT TO SHOW VALUE OF SWITCH TRACK.

The cost of transporting merchandise by truck is not competent evidence for the fixing of the value of a switch track on the property condemned.

[For other cases in point, see 4 Cyc. Dig., "Eminent Domain," §§ 656-696. —Ed.]

ERROR to Hamilton common pleas court.

In this case a large amount of property was appropriated for railway purposes in a single action. As to many parcels agreements were reached, between the time of the filing of the petition and return of the verdict, whereby the amount to be paid to the owners was fixed. The value of the property of the present plaintiff was determined by the jury, and the plaintiff being dissatisfied with the award prosecuted error.

C. W. Baker and H. C. Busch, for plaintiff in error.

J. W. Peck, for defendant in error.

## GIFFEN, J.

The question whether the condemnation proceedings should have been separate as to each individual property owner does not arise upon the record made, the Cincinnati Iron Store Co. interposing no objection in the trial court.

Hamilton County.

The amount of the annual sales of the company and the value of the goods transported monthly over the switch track on the company's premises were sought to be shown evidently for the purpose of proving the loss of future business, which is too remote, uncertain and speculative to be allowed. *Lake Shore & M. S. Ry.* v. *Railway*, 30 Ohio St. 604.

The plans of the proposed beam or crane, if not those of the office building, were probably admissible evidence under the authority of *Cincinnati & S. Ry.* v. *Longworth*, 30 Ohio St. 108; but neither set of plans being attached to the bill of exceptions the court can not determine whether their exclusion was prejudicial. *Palmer* v. *Yarrington*, 1 Ohio St. 253.

In proving the value of a switch track upon the premises sought to be condemned the cost of transporting by trucks the same amount of merchandise as that handled over the switch is not competent evidence. Evidence of sales by other lot owners made by compromise is inadmissible upon re-examination, although on cross-examination the witness has been asked concerning voluntary sales in the vicinity.

The question and answer objected to on page 52 of the bill of exceptions were not prejudicial, nor that on page 112.

Notwithstanding the wide difference between the values fixed by the witnesses for the trustees and those testified to by the company's witnesses, none of which was binding upon the jury, we think they arrived at a fair and just valuation, and finding no error in the record the judgment will be affirmed.

**Jelke** and **Swing, JJ.,** concur.